**POINSETT COUNTY SAVINGS AND LOAN ASSOCIATION, An Arkansas Savings and Loan Association, plaintiff,**

v.

**FEDERAL HOME LOAN BANK BOARD: Joseph W. Keene, Jr., Supervisory Agent of the Federal Home Loan Bank Board; and Citizens Federal Savings and Loan Association of Jonesboro, a Member of the Federal Home Loan Bank, defendants.**

No. J C 80 72.

United States District Court, E. D. Arkansas, Jonesboro Division.

Dec. 29, 1980.

Bill W. Bristow, Seay & Bristow, Jonesboro, Ark., for plaintiff.

Paul W. Grace, Harvey Simon, Federal Home Loan Bank Bd., Washington, D. C., Scott Hunter, Jonesboro, Ark., for Citizens FS&L of Jonesboro.

ORDER

OVERTON, District Judge.

Pending before the Court are motions for summary judgment filed by the defendants Federal Home Loan Bank Board and Citizens Federal Savings and Loan Association. This suit arises out of the Federal Home Loan Bank Board's decision to grant the application of Citizens Federal of Jonesboro, Arkansas, to establish a branch office in Trumann, Arkansas. Plaintiff Poinsett County Savings and Loan Association, along with certain other financial institu-

tions competing with Citizens Federal, opposed the application in administrative proceedings before the Board. Following the Board's decision to grant the application, Poinsett County S & LA filed this suit challenging the Board's decision on grounds that the Board failed to articulate sufficient findings to allow meaningful judicial review and that the Board's action in the case was supported by no rational basis and was, therefore, arbitrary, capricious and an abuse of discretion within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

The Court's jurisdiction is founded on 28 U.S.C. § 1331. The scope of judicial review of the administrative agency's action here is that provided by § 706 of the Administrative Procedure Act. It should be noted that the Court's consideration of this case has been greatly aided by the excellent briefs which counsel have prepared.

The basic facts of the case do not appear to be contested. There is, of course, considerable debate over the ultimate facts which constitute the findings of the Board. These ultimate facts, which embody the statutory criteria for the Board's decision, are mixed questions of law and fact such as whether there is a public necessity for the branch in question and whether establishment of the branch will cause undue harm to existing thrift institutions in the area.

The undisputed basic facts will be reviewed only briefly. On June 14, 1979, Citizens Federal applied with the Bank Board to establish a branch office on Highway 63 North in Trumann, Arkansas. The primary market area (PMA) for the new branch designated by Citizens Federal in its application includes the City of Trumann and the Townships of Willis, Greenwood, Little River and Tyronza, in the eastern portion of Poinsett County. The PMA had a population estimated at 18,295 in 1978, and is served by one savings and loan association, the plaintiff Poinsett County S & LA. Also doing business in the PMA are five commercial banks which have experienced strong growth in assets between 1974 and 1978.

The protest by plaintiff and three commercial banks against granting Citizens Federal's application was deemed by the Board to be substantial, and oral argument was heard in the matter on September 12, 1979, before the Board's Supervisory Agent in Little Rock.

The legal criteria for determination of a branching application by the Board are stated in 12 C.F.R. § 545.14(c):

An applicant for permission to establish a branch office shall obtain Board-approved application and notice forms, and related instructions from the Supervisory Agent. Supporting information shall be furnished to show: (1) a necessity for the proposed branch in the community to be served by it at the time it is opened; (2) the branch has a reasonable probability of success; (3) the branch can be established without undue injury to properly conducted existing local thrift and home-financing institutions; and (4) applicant's performance in helping to meet the credit needs of its existing local communities.

On February 14, 1980, the Bank Board issued its resolution stating, essentially, that the statutory criteria had been met by Citizens Federal and that the application would, therefore, be granted. In addition, the Board issued the following "Summary of Bank Board Findings":

a. Financial institutions within the primary market area (PMA) have experienced successful savings growth. Poinsett County Savings and Loan Association, with its home office and an approved but unopened branch office, is the only thrift institution serving the PMA. Poinsett County S&LA is the only thrift institution to protest this application. Poinsett County S&LA commenced operations in July 1978 and acquired $1,431,000 in savings by March 1979. During the twelve months ended December 1978, savings of the PMA's six commercial bank offices increased from $37,513,000 to $39,544,000. The addition of another office of a thrift institution will increase thrift competition

and provide area residents with an alternative source with which to conduct their business.

b. There is a reasonable probability that the applicant's proposed office will be successful because the applicant is intending to establish itself in a PMA with a good population base of 18,295 and a lack of conveniently located thrift offices. It proposes to establish its office in a good location with easy accessibility and has already penetrated the PMA, with savings of $1.2 million and mortgages of $1.1 million from area residents.

c. The possibility of undue injury is minimal. Poinsett County S&LA is the only savings and loan association serving the PMA. This association, although only opened in July 1978, acquired $1.4 million in savings by March 1979.

d. Citizens FS&LA has the managerial and financial capabilities to support this expansion effort.

e. The applicant's community service record is satisfactory. Citizens FS&LA's CRA Statement indicates that it has made an effort to meet all its local credit needs, and there are no indications in Bank Board records of discrimination or consumer complaints.

■ Plaintiff contends that neither the Board's resolution, which has been characterized as a legal "abra cadabra," nor the Summary of Findings articulates the agency's findings of fact sufficiently to allow any meaningful judicial review. At least as to the resolution standing alone, there has been some support for plaintiff's theory. Poinsett County S & LA urges the Court to follow the decision of the Court of Appeals for the Seventh Circuit in *City Federal S & LA v. FHLBB*, 600 F.2d 681 (7th Cir. 1979), in which that Court held that Bank Board resolutions, which merely stated that the regulatory criteria were met, did not enunciate sufficient reasons to indicate the "grounds and essential facts" for the decisions. However, any trend toward the decision in *City Federal* in this Circuit has been precluded by the recent Court of Appeals decision in *Madison County Building & Loan Association v. FHLBB*, 622 F.2d 393 (8th Cir. 1980) which was filed subsequent to plaintiff's complaint in this case. The Eighth Circuit declined to follow *City Federal* and indicated that the Seventh Circuit's decision "appears to be based on an erroneous view of the nature of [5 U.S.C.] § 706(2)A review." Id. at 5. The Court concluded that adequate judicial review of the agency's action may be had with the Board's resolution and review of the administrative record. Such a conclusion is based on the very limited nature of review available under § 706(2)(A). The *Madison County* decision makes clear that the Board's resolution forms an adequate basis for judicial review, even in the absence of the Summary of Bank Board Findings which were prepared and issued in this case. *See First Federal Savings & Loan Association v. FHLBB*, No. 79–0778–CV–W–4 (W.D.Mo. 1980, unpublished opinion).

We now turn to plaintiff's second argument, that the Board's action in granting the application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," under § 706(2)(A) of the Administrative Procedure Act.

■ It is clear that the § 706(2)(A) standard of review allows reversal of the agency's action only if, based on a review of the entire record, such action is without any rational basis. *First Federal S & LA v. FHLBB, supra.* Stated another way, "the reviewing Court need only ascertain that there is a rational connection between the facts found and the choice made by the agency." *Madison County Building & Loan Association v. FHLBB, supra.* In pursuing this inquiry, the Board's Summary of Bank Board Findings is most helpful. These facts need not be repeated at this point, but it seems beyond question that they are rationally connected to the Board's decision granting the application as required by *Madison County Building & Loan Association.* They reflect the notable success of plaintiff Poinsett County S & LA in the

primary market area in the relatively short time in which the Association has been open. They also show a growth in savings in six commercial bank offices in the PMA in 1978 and, of course, that plaintiff is the only savings and loan association serving the PMA. The findings further elaborate on the particulars of how regulatory criteria are satisfied in this case.

. Further, this Court has examined the entire administrative record and finds it contains adequate evidence to support the Bank Board's findings.

It is, therefore, ordered that defendants' separate motions for summary judgment be, and are hereby, granted. Judgment will be entered for the defendants in accordance with this order.