See also D.C.; 562 F.Supp. 279.

**CORNING SAVINGS & LOAN ASSOCIATION and The Corning Bank, Appellants,**

**v.**

**FEDERAL HOME LOAN BANK BOARD; Richard Pratt, James J. Jackson, and Andrew Di Prete, as members of the Federal Home Loan Bank Board; and Pocahontas Federal Savings and Loan Association, Appellees.**

No. 83–2551.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1984.

Decided June 13, 1984.

James T. Lantelme, Washington, D.C., for Federal Home Loan Bank Bd.

Hilburn, Calhoon, Forster, Harper & Pruniski, Ltd., James W. Lance, Little Rock, Ark., for appellee Pocahontas Fed. Sav. & Loan.

Gill, Skokos, Simpson, Buford & Owen, P.A., Little Rock, Ark., for appellants.

Before LAY, Chief Judge, FLOYD GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

This is an action to review the decision of the Federal Home Loan Bank Board to approve an application for a branch office. The district court found that the administrative record contained adequate evidence to support the Board's findings and that the Board's decision to approve the branch was justified. *Corning Savings & Loan Association v. FHLBB*, 571 F.Supp. 396 (E.D.Ark.1983). We affirm.

The Pocahontas Federal Savings and Loan Association filed an application with the Federal Home Loan Bank Board for approval to open a branch office in Corning, Arkansas. The Corning Savings & Loan Association and The Corning Bank protested the application and an administrative hearing was held for fact-gathering purposes. The Board approved Pocahontas' application and the Board's supervisory agent, pursuant to delegated authority, approved a temporary location for the branch office. The day after its temporary location was approved, Pocahontas opened its Corning office for business and it has continued in operation ever since.

The Corning Savings & Loan Association and The Corning Bank brought this action in federal district court challenging the Board's decision to grant Pocahontas' application on a variety of legal and factual grounds. The district court, after considering the administrative record, granted the Board's motions for summary judgment. Appellants allege two issues on appeal: (1) that the district court erred in granting the motions for summary judgment when material issues of fact remain unresolved; and (2) that the district court should have allowed the administrative record to be supplemented.

With respect to the first issue, whether issues of material fact remain, we believe that appellants misconceive the nature of the review process for branch office decisions by the Board. Judicial review of an administrative decision by the Board to authorize a branch office is very narrow. This court can set aside agency actions, findings, or conclusions, only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The court must not substitute its judgment for that of the agency; the court "need only ascertain that there is a rational connection between the facts found and the choice made by the agency." *Madison County Building & Loan Association v. Federal Home Loan Bank Board*, 622 F.2d 393, 396 (8th Cir.1980). In applying that standard, judicial review must focus upon the existing administrative record, not a new record made initially in the reviewing court. *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). The reviewing court is not "free to hold a *de novo* hearing." *Id.* at 141, 93 S.Ct. at 1243. Because judicial review in branch office cases is limited to the existing administrative record, these cases have traditionally been resolved by summary judgment. *See First National Bank of Crown Point v. Camp*, 463 F.2d 595, 599–600 (7th Cir. 1972); *Poinsett County Savings & Loan Association v. FHLBB*, 504 F.Supp. 610, 612–13 (E.D.Ark.1980); *Bank of Ozark v. FHLBB*, 402 F.Supp. 162, 166–67 (E.D.Ark. 1975); *Elm Grove Savings & Loan Association v. FHLBB*, 391 F.Supp. 1041, 1042–43 (E.D.Wis.1975). Thus, given the limited nature of judicial review in branch office cases, appellants' argument that factual issues remain is inapposite. We have examined the administrative record and we be-

lieve that it provides a rational basis for the Board's action.

 Appellants' second issue is that the district court should have allowed them to supplement the administrative record to show that the Board's supervisory agent was biased and that there were illegal *ex parte* contacts between Pocahontas and the Board. In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), the Supreme Court noted that "inquiry into the mental processes of administrative decisionmakers is usually to be avoided." *Id.* at 420, 91 S.Ct. at 825. The Court continued that "where there are administrative findings that were made at the same time as the decision," such as in this case, "there must be a strong showing of bad faith or improper behavior before such inquiry may be made." *Id.* The district court considered appellants' allegations and "found no evidence of bias or conflict." Indeed, the district court found "that the Supervisory Agent handled these proceedings in a fair and impartial manner." *Corning Savings & Loan Association v. FHLBB, supra,* 571 F.Supp. at 404. The district court also found that there was nothing to support appellants' claim of improper communications between Pocahontas and the Board. *Id.* at 406, 91 S.Ct. at 818. We concur in the district court's assessment. Appellants have failed to make the strong showing of bad faith or improper behavior that is necessary, and the district court did not err in denying their request to supplement the administrative record.

Accordingly, we affirm.